Stephen D. Raber (State Bar No. 121958)
E-Mail: sraber@wc.com
Mara W. Murphy (State Bar No. 185902)
E-Mail: mmurphy@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Gary S. Lincenberg (State Bar No. 123058)
E-Mail:  gsl@birdmarella.com
John K. Rubiner (State Bar No. 15520)
E-Mail: jkr@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| GREGORY T. PERO, an individual, and Jeanine N. Metheny, *et al.*; on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>MEDICAL MANAGEMENT INTERNATIONAL, INC.<br>Defendant. | **Case No.:  8:13-cv-01749 JLS (ANx)**<br><br>**MEDICAL MANAGEMENT INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**<u>CLASS ACTION</u>**<br><br>Hearing Date:  March 21, 2014<br>Time:  2:30 p.m.<br>Place:  Courtroom 10A<br>Judge:  Hon. Josephine L. Staton |

Pursuant to Federal Rule of Evidence 201, and in connection with its concurrently filed Motion to Dismiss, Defendant Medical Management International, Inc. ("MMI") respectfully requests that the Court take judicial notice of:  (1) complete copies of the Optimum Wellness Plan ("OWP") brochures, excerpted in the First Amended Complaint ("Complaint"); (2) legible copies of the pricing sheets that

Plaintiff included in the Complaint, dated January 2013 and August 2013; (3) copies of the brochure and pricing sheet for MMI's canine OWPs used on January 4, 2012[1] in the Palm Desert, California Banfield Pet Hospital; (4) Plaintiff Pero's OWP agreement for cat "Emily," dated January 25, 2010; and (5) Plaintiff Metheny's OWP agreement for dog "Titan," dated January 4, 2012.

## I.    Optimum Wellness Plan Brochures & Pricing Sheets

MMI requests that the Court take judicial notice of the following OWP brochures and pricing sheets that are excerpted in the Complaint at Figures 1-12:

- Exhibit A – a true and correct copy of a canine OWP brochure, dated August 2012, excerpts of which were reproduced as Figures 1-2 & 4 of the Complaint.
- Exhibit B – a true and correct copy of a canine OWP brochure, dated August 2013, excerpts of which were reproduced as Figure 3 of the Complaint.
- Exhibit C – a true and correct copy of a Price Level 17 canine pricing sheet, dated January 2013, which was reproduced as Figure 5 of the Complaint.
- Exhibit D – a true and correct copy of a Price Level 17 canine pricing sheet, dated August 2013, which was reproduced as Figure 6 of the Complaint.
- Exhibit E – a true and correct copy of a feline OWP brochure, dated August 2013, excerpts of which were reproduced as Figures 7-10 of the Complaint.
- Exhibit F – a true and correct copy of a Price Level 17 feline pricing sheet, dated January 2013, which was reproduced as Figure 11 of the Complaint.
- Exhibit G – a true and correct copy of a Price Level 17 feline pricing sheet, dated August 2013, which was reproduced as Figure 12 of the Complaint.
- Exhibit H – a true and correct copy of the canine OWP brochure approved for use on January 4, 2012 in the Palm Desert, California hospital.

---

[1] Plaintiff Metheny alleges that she first visited the Palm Desert, California hospital and reviewed the brochure on January 5, 2012. Compl. ¶ 110. Her OWP agreement, however, is dated January 4, 2012. The same brochures and pricing sheets were approved for use on both days.

- Exhibit I – a true and correct copy of the canine pricing sheet approved for use on January 4, 2012 in the Palm Desert, California hospital.

### II.     Optimum Wellness Plan Agreements

- Exhibit J – a true and correct copy of Plaintiff Pero's OWP agreement for Emily, dated January 25, 2010.
- Exhibit K – a true and correct copy of Plaintiff Metheny's OWP agreement for Titan, dated January 4, 2012.

Exhibits A-K are attached to the concurrently filed Declaration of Jeannine Taaffe.

Noticing the OWP brochures, pricing sheets and Plaintiffs' OWP agreements in Exhibits A through K is appropriate because the Ninth Circuit's "incorporation by reference" doctrine permits the noticing of documents referenced or relied on in a complaint:

> Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.  The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted); see also *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding same).  The purpose of this doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (brackets and ellipses omitted).

Courts routinely take judicial notice of the advertisement underlying false advertising claims.  *See Baltazar v. Apple, Inc.*, No. C 10-03231, 2011 WL 6747884, at *1 (N.D. Cal. Dec. 22, 2011); *In re Century 21-RE/MAX Real Estate Adver. Claims Litig.*, 882 F. Supp. 915, 921 (C.D. Cal. 1994).  Likewise, a court may take judicial notice of an agreement between the parties when the Plaintiff's claims are predicated

on what is disclosed or not disclosed in that agreement. *See Circle Click Media LLC v. Regus Mgmt. Group LLC*, No. 12-04000 SC, 2013 WL 1739451, at *5 (N.D. Cal. Apr. 22, 2013). And when a Plaintiff attaches only a portion of a document to the complaint, courts also take judicial notice of the remainder of that document. *See Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. C 12-2582, 2013 WL 368365, at *1 n. 2 & *2 n.3 (N.D. Cal. Jan. 29, 2013); *Hines v. California Public Utils. Comm'n*, No. C-10-2813, 2011 WL 2066614, at *5 n. 4 (N.D. Cal. May 25, 2011).

The Complaint incorporates the brochures, pricing sheets and OWP agreements in Exhibits A through K by reference. Plaintiffs not only refer extensively to these documents in their Complaint, but text and information in these documents purports to form the basis of their claims. The Complaint refers specifically to allegedly "harsh and inequitable" cancellation provisions in the OWP agreements. Compl. ¶ 77. It also includes quotations from MMI's brochures and incorporates excerpts of the brochures and pricing sheets. Compl. ¶¶ 38-39 & 46 & Figures 1-12. Moreover, it alleges Plaintiff Metheny reviewed a brochure when deciding to enroll in an OWP agreement. Compl. ¶ 110. These allegations are incorporated by reference into each of the Complaint's five causes of action, all of which seek relief on the premise that the marketing of MMI's OWP agreements is "false and misleading." Compl. ¶ 120.

Judicial notice is necessary here because, although Plaintiffs' allegations are premised on MMI's OWP agreements and marketing of the plans, Plaintiffs have not included as exhibits to their Complaint full copies of the marketing brochures or any OWP agreement on which they rely. Exhibits A through K are clear, color, legible images that depict all panels of the MMI brochures and pricing plans at issue, only excerpts of which are included in the Complaint. Exhibit J is one of Plaintiff Pero's OWP agreements and Exhibit K is Plaintiff Metheny's OWP agreement, which contain, among other things, MMI's cancellation and automatic renewal terms. Plaintiffs' OWP agreements form the basis of their claims and are therefore

particularly appropriate for judicial notice. *Circle Click Media*, 2013 WL 1739451, at *5.

For the foregoing reasons, MMI respectfully requests that the Court take judicial notice of Exhibits A through K.

Dated: January 20, 2014

Respectfully submitted,

By: */s/ Stephen D. Raber*
Stephen D. Raber (State Bar No. 121958)
E-Mail: sraber@wc.com
Mara W. Murphy (State Bar No. 185902)
E-Mail: mmurphy@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Gary S. Lincenberg (State Bar No. 123058)
E-Mail: gsl@birdmarella.com
John K. Rubiner (State Bar No. 15520)
E-Mail: jkr@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Defendant*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>Stephen D. Raber<br>E-Mail: sraber@wc.com<br>Mara W. Murphy<br>E-Mail: mmurphy@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, NW<br>Washington, DC  20005<br>Tel.:  (202) 434-5000<br>Fax:  (202) 434-5029<br><br>Gary S. Lincenberg (State Bar No. 123058)<br>E-Mail: gsl@birdmarella.com<br>John K. Rubiner (State Bar No. 15520)<br>E-Mail: jkr@birdmarella.com<br>**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS & LINCENBERG, P.C.**<br>1875 Century Park East, 23rd Floor<br>Los Angeles, CA 90067<br>Tel.: (310) 201-2100<br>Fax: (310) 201-2110<br><br>*Attorneys for Defendant* | COURT USE ONLY |
| **UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** | |
| TITLE OF CASE (ABBREVIATED)<br><br>*GREGORY T. PERO, individually and on behalf of others similarly situated, v. MEDICAL MANAGEMENT INTERNATIONAL, INC.* | |
| | CASE NO:  8:13-cv-01749 JLS (ANx) |
| **PROOF OF SERVICE - DECLARATION OF SERVICE** | |

At the time of service I was over 18 years of age and not a party to this action.  My business address is 1875 Century Park East, 23rd Floor, Los Angeles, California.

On January 20, 2014: I served a true copy of the following document (specify):

**1.  MMI'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

☐ The documents are listed in the Attachment to Proof of Service.

I served the documents on the **person or persons** below, as follows:

| | |
|---|---|
| Steve W. Berman, Esq.<br>**HAGENS BERMAN SOBEL SHAPIRO LLP**<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA  98101 | Lee M. Gordon, Esq.<br>**HAGENS BERMAN SOBEL SHAPIRO LLP**<br>301 N. Lake Ave., Suite 203<br>Pasadena, California 91101 |

MEDICAL MANAGEMENT INTERNATIONAL, INC.'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT

*Pero v. Medical Management International, Inc.*
Case No: 8:13-cv-01749 JLS (ANx)

Telephone: (206) 623-7292   Telephone: (213) 330-7150
Facsimile: (206) 623-0594   Facsimile: (213) 330-7152

☒ **By ELECTRONIC SUBMISSION**. I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients **via electronic transmission through the CM/ECF system on the Court's website**. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **Additional parties' counsel who are not registered CM/ECF user according to the court's NEF, were served via the following manner as provided in FRCivP 5 (b):**

☐ **By personal service.** I personally delivered copies to the person and location listed above.

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine used. A copy of the record of transmission is attached.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I am readily familiar with this business practice for collection and processing envelopes and packages for overnight delivery. On the same day that envelope or package is placed for collection and delivery, it is deposited in the ordinary course of business with and overnight delivery service, in a sealed envelope or package.

I declare that I am a member of the bar of this Court. I certify under penalty of perjury that the foregoing is true and correct.

Executed January 20, 2014, in Los Angeles, California.

*/s/John K. Rubiner*
John K. Rubiner